■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFRED DI MICHELE, Appellant, v. EDWARD M. FAY, as Warden of GREEN HAVEN PRISON, Respondent. — In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, dated December 11, 1962, which dismissed the writ after a hearing and remanded him to the custody of the respondent. Order reversed on the law and the facts; writ sustained; judgment of conviction rendered May 8, 1961, vacated; and relator remanded to the Queens House of Detention in Queens County, for the purpose of pleading *de novo* to the indictment in the Criminal Term of the Supreme Court in said county. In the former County Court, Queens County, relator had been indicted on three counts: burglary in the third degree, grand larceny in the second degree, and possession of burglar's tools as a felony. He pleaded guilty to attempted burglary in the third degree to cover all counts. By reason of a prior felony conviction, he was sentenced as a second felony offender to an indeterminate term of $2\frac{1}{2}$ to 10 years, as authorized by law (Penal Law, §§ 407, 261, subd. 2; § 1941, subd. 1). The maximum sentence for attempted burglary in the third degree is 5 years (Penal Law, §§ 407, 261, subd. 2), but as a second felony offender additional punishment up to a maximum of 10 years' imprisonment must be imposed (Penal Law, § 1941, subd. 1). Relator contends that the trial court, before accepting his plea of guilty, failed to warn him, as required by law (Code Crim. Pro., § 335-b), of the additional punishment to which he would be subject by reason of his prior felony conviction. In our opinion, the trial court failed to comply, either literally or substantially, with the provisions of the statute (Code Crim. Pro., § 335-b). The court, while it told the relator that the "minimum" sentence as a second felony offender would be two and one-half years, failed to inform him that he also would be subject to additional punishment which may extend his term of imprisonment to a maximum of 10 years (instead of 5 years) by reason of his prior felony conviction, in the event he pleaded guilty to the crime of attempted burglary in the third degree. The statement as to the minimum without a statement as to the maximum was not a compliance with the statute. Relator should be rearraigned and should be allowed to plead *de novo* (*People ex rel. McIntosh* v. *Fay,* 18 A D 2d 175). On such rearraignment, he must

be given an opportunity to plead guilty or not guilty. However, since the crime with which the relator is charged is one for which the law prescribes or expressly authorizes different or additional punishment because it appears that the relator was previously convicted of a crime or offense, the court before accepting any plea of guilty "must inform the defendant [relator] that if he has previously been so convicted that fact may be established after his conviction or plea of guilty in the action before the court and he will be subject to such different or additional punishment" (Code Crim. Pro., § 335-b). Kleinfeld, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.